D. R. McGowan, *Plaintiff in Error*, v. City of Kissimmee, a Municipal Corporation, *Defendant in Error*.

Division B.

Opinion Filed November 23, 1925.

Where a city has attached a highly charged electric light wire to a telephone pole. of a telephone company, and a portion of such wire had become and remained uninsulated, and a lineman of the telephone company while on the pole in the discharge of his duties is injured by coming in contact with the uninsulated part of the wire, and there is evidence from which negligence of the defendant city which was a proximate cause of the injury may fairly be inferred, and the circumstances of the injury do not clearly indicate negligence of the plaintiff that bars recovery under the doctrine of contributory negligence, and a careful consideration of the whole record leads to the conclusion that a new trial should be granted, the judgment will be reversed.

A Writ of Error to the Circuit Court for Osceola County; C. O. Andrews, Judge.

Reversed.

*Wm. M. Toomer* and *Johnston & Garrett*, for Plaintiff in Error;

*Landis, Fish & Hull, Kribbs & Steed* and *Erskine W. Landis*, for Defendant in Error.

Whitfield, P. J.—In an action for personal injuries it is alleged that the defendant city was negligent in allowing a portion of its highly charged electric wire attached to a telephone pole to become uninsulated, and also in permitting the wire to sag so that the plaintiff lineman for a telephone company was injured while in the lawful dis-

charge of his duty on the pole. The general issue and contributory negligence were pleaded. Verdict and judgment were rendered for the defendant, and the plaintiff took writ of error.

The evidence tends to show that an electric light wire of the defendant city carrying perhaps 2300 volts was tied by a piece of insulated wire to an insulator about eight inches above the wires on a pole of a telephone company, the object being to keep the electric light wire from sagging; that a telephone lineman in examining the telephone wires on the pole for "induction" "trouble," untied the electric light wire from the insulator on the pole leaving the tie wire hanging by one end from the electric light wire which then "swung 16 or 18 inches from" the telephone wire; that this did not affect the "induction trouble" with the telephone wire, and in his effort to tie the electric light wire to the insulator as it had been, the lineman's hand came in contact with an uninsulated place in the electric light wire, and he was injured.

The plaintiff lineman was lawfully pursuing his duties in untying the electric light wire from the insulator to ascertain if the nearness to the telephone wire caused the "induction trouble" to the telephone wire, and in tying the wire to the insulator as he found it; and it was the duty of the city to exercise due care in keeping its electric light wire insulated or otherwise safely guarded so as not to endanger those lawfully moving it. There is evidence of lack of inspection from which negligence of the city may fairly be inferred; and it is not clear that under the circumstances, the plaintiff, being at an elevation on the pole, was negligent in coming in contact with the uninsulated part of the defendant's highly charged electric wire, so as to bar recovery under the doctrine of contributory negligence The jury decided in favor of the defend-

ant; but a careful consideration of the whole record leads to the conclusion that a new trial should be awarded.

Reversed for a new trial.

STRUM AND BROWN, J. J., concur.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur in the opinion.